**QIN JIANG YU, a.k.a. Jiang Yu Qin, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General,[1] Respondent.**

**No. 07–4768–ag.**

United States Court of Appeals, Second Circuit.

Aug. 21, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Acting Attorney General Peter D. Keisler as the respondent in this case.

408

Gary J. Yerman, New York City, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General, Civil Division, James A. Hunolt, Senior Litigation Counsel, Office of Immigration Litigation, Craig A. Newell, Jr., Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington D.C., for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. GUIDO CALABRESI and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner, Qin Jiang Yu, a native and citizen of China, seeks review of an October 4, 2007 order of the BIA affirming the October 21, 2005 decision of Immigration Judge ("IJ") William F. Jankun denying petitioner's application for asylum and withholding of removal. *In re Yu,* No. A 76 579 618 (B.I.A. Oct. 4, 2007), *aff'g* No. A 76 579 618 (Immig. Ct. N.Y. City Oct. 21, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008).

Substantial evidence supports the agency's finding that Yu failed to establish a well-founded fear of future persecution based on the birth of her two children in the U.S. Yu testified that she was not currently in violation of China's family planning policy and that she did not know anyone who had returned to China with U.S.–born children. In addition, the IJ reasonably relied on the U.S. Department of State's 2004 Profile of Asylum Claims and Country Conditions, which indicates that U.S. diplomats are not aware of any cases where individuals have been forcibly sterilized upon return to China. The IJ also properly found that the affidavit of John Shields Aird was based on anecdotal evidence and did not address a situation, like Yu's, in which two children were born abroad. *See Wei Guang Wang v. BIA,* 437 F.3d 270, 274–76 (2d Cir.2006) (holding that the Aird affidavit was of limited relevance because it was not prepared specifically for the petitioner and not particularized to the petitioner's circumstances).

We reject Y's argument that the BIA erred in not considering more recent evidence of conditions in China not within the administrative record, as we have held that remand for consideration of documents not in the record is inappropriate. *See Xiao Xing Ni v. Gonzales,* 494 F.3d 260, 269 (2d Cir.2007); *see also* 8 U.S.C. § 1252(b)(4)(A). As for Yu's claim that

the BIA failed to consider the evidence she submitted, we do not require the agency to "expressly parse or refute on the record each individual argument or piece of evidence offered," especially evidence which the agency "is asked to consider time and again." *Wei Guang Wang,* 437 F.3d at 275 (internal citations omitted). In any event, Yu fails to identify any material evidence in the record that the agency ignored.

Because Yu was unable to show the objective likelihood of persecution needed to make out an asylum claim, she was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). Finally, we lack jurisdiction to consider Yu's argument that she is because she did not seek that relief before the IJ. *See* 8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales,* 462 F.3d 113, 119 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).